**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WASHINGTON MUTUAL, INC., et al. | ) | Case No. 08-12229 (MFW) |
| | ) | |
|           Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| MARK J. SUTTON | ) | |
| | ) | |
|           Plaintiff, | ) | |
| | ) | |
|           v. | ) | Adv. No. 16-51043 (MFW) |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | D.I. 1, 8, 9, & 10 |
| WASHINGTON MUTUAL, INC., AND | ) | |
| CHARLES H. BILLINGHAM, SHERIFF | ) | |
| OF CAMDEN | ) | |
| | ) | |
|           Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is a Motion to Dismiss the Complaint and to Transfer Venue filed by WMI Liquidating Trust (the "Liquidating Trust") in an adversary proceeding brought by Mark J. Sutton (the "Plaintiff"). In its Motion, the Liquidating Trust seeks to dismiss the Complaint for lack of service and failure to state a claim for relief and to transfer venue to the jurisdiction where the Plaintiff's individual bankruptcy case is pending. Because the Court finds that the Liquidating Trust has satisfied its

---

[1]     The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts averred in the Complaint must be accepted as true for purposes of this Partial Motion to Dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

burden, the Court will grant the Motion to Dismiss.  Although the
Motion to Transfer Venue is thereby moot, the Court will <u>sua
sponte</u> transfer venue as to the remaining defendants named in the
Complaint because it does not affect the administration of this
case.


I.   <u>BACKGROUND</u>

    A.   <u>Factual Background</u>

On or about July 16, 2001, the Plaintiff and Washington
Mutual Home Loans, Inc., ("WaMu Home Loans") executed a loan
agreement and note to allow the Plaintiff to purchase a house in
New Jersey.  The Plaintiff made monthly mortgage payments for a
period of time, but in January 2015, an order of eviction was
entered and executed on the Plaintiff's home.  Events surrounding
the eviction are the basis for the Plaintiff's Complaint.

In the interim, on September 26, 2008, Washington Mutual,
Inc. (the "Debtor") filed a chapter 11 petition in this Court.
The Debtor was in the savings and loans business.  Washington
Mutual Bank, Inc. ("WaMu Bank") was the Debtor's principal
subsidiary and WaMu Home Loans was a subsidiary of WaMu Bank.
One day before the petition was filed, WaMu Bank entered
receivership and was transferred to JPMorgan Chase Bank, N.A.
("JPMorgan").  After confirmation of the Debtor's plan on
February 12, 2012, the Liquidating Trust became the Debtor's
successor in interest.

B.   <u>Procedural Background</u>

On March 8, 2016, the Plaintiff filed an individual chapter 13 bankruptcy petition in the District of New Jersey, which is still pending.  On August 9, 2016, the Plaintiff filed a pro se complaint (the "Complaint") in the Debtor's chapter 11 bankruptcy case, seeking an order directing the Debtor to allow him or a nominee to repurchase his home at nominal cost.  Pretrial conferences were held in October and November 2016.  The Liquidating Trust attended the November hearing after it saw the transcript from the October hearing on the docket.  Both hearings were continued to allow the Plaintiff to serve the Complaint and Summons and Notice on the proper parties.  At the third pretrial hearing held in January 2017, neither the Debtor nor the Liquidating Trust had been served the Complaint or Summons and Notice.  The Court continued the hearing to allow the Liquidating Trust to file a response.  On March 6, 2017, the Liquidating Trust filed the instant Motion to Dismiss and Transfer Venue. Briefing is complete, and the matter is now ripe for consideration.

II.   <u>JURISDICTION</u>

The Court has jurisdiction over this proceeding and may enter a final order.  28 U.S.C. §§ 1334 and 157(b).  <u>See</u> <u>Popple</u> <u>v. Elliott Greenleaf & Siedzikowski, P.C. (In re Popple)</u>, 532

B.R. 581 (Bankr. M.D. Pa. 2015) (exercising jurisdiction over a motion to dismiss); DHP Holdings II Corp. v. Home Depot, Inc. (In re DHP Holdings II Corp.), 435 B.R. 264, 268 (Bankr. D. Del. 2010) (stating that a court has jurisdiction over motions to transfer venue, which are core proceedings).

III. DISCUSSION

    A.   Parties' Arguments

The Liquidating Trust argues that the Complaint should be dismissed for insufficient service and failure to state a claim. According to the Liquidating Trust, the Plaintiff served neither the Complaint nor the Summons and Notice upon the Liquidating Trust within 90 days, as required by Rule 4(m) of the Federal Rules of Civil Procedure, which is incorporated in Rule 7004(c)(1) of the Federal Rules of Bankruptcy Procedure. Moreover, the Liquidating Trust asserts that the Debtor is no longer the parent company of WaMu Bank or WaMu Home Loans, which means that the Complaint does not state a claim for relief against the Liquidating Trust.  The Liquidating Trust alternatively asserts that justice, fairness, and convenience warrants transferring venue to the District of New Jersey where the Plaintiff's bankruptcy case is pending.

The Plaintiff, who is proceeding pro se, opposes the Liquidating Trust's Motion on the grounds that the Liquidating

4

Trust attended the November pretrial hearing, thus proving that service was properly effectuated.  According to the Plaintiff, the Complaint should proceed against the Liquidating Trust because it, along with the other defendants, is attempting to shift blame to others to get the Complaint dismissed on a technicality.  Because he asserts that the Complaint names the proper defendants, the Plaintiff argues that the Debtor's bankruptcy case in Delaware is the proper venue to resolve his claims.

### 1.   <u>Insufficient Service</u>

Rule 7012 of the Federal Rules of Bankruptcy Procedure makes Rule 12 of the Federal Rules of Civil Procedure applicable to adversary proceedings.  Fed. R. Bankr. P. 7012; Fed. R. Civ. Pro. 12.  A party may file a motion to dismiss under Rule 12 for, <u>inter alia</u>, lack of personal jurisdiction and insufficient service of process.  Fed. R. Civ. Pro. 12(b)(2) & (5).  Service of a summons must occur before a federal court may exercise personal jurisdiction over a defendant.  <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987).

Rule 7004 of the Bankruptcy Rules of Procedure incorporates the service requirements of Rule 4 of the Federal Rules of Civil Procedure in adversary proceedings.  Fed. R. Bankr. P. 7004(a); Fed. R. Civ. P. 4.  A corporation is properly served when a copy of the complaint and Summons and Notice are delivered to the

attention of "an officer, a managing or general agent, or any
other agent authorized by appointment or by law to receive
service of process." Fed. R. Bankr. P. 7004(a); Fed. R. Civ. P.
4(h). Both the complaint and the summons and notice must be
served together within 90 days of the filing of the complaint.
Fed. R. Civ. P. 4(m). Failure to do so requires a court to
either dismiss the complaint without prejudice against the
defendant or to order service to be effectuated within a certain
time. Id.

The Liquidating Trust asserts that the Plaintiff's failure
to serve a copy of the Complaint and Summons and Notice within 90
days warrants the Complaint's dismissal. Although the
Liquidating Trust acknowledges that it attended the pretrial
hearing in November, it contends that it only did so because it
obtained a copy of the transcript from the October hearing. The
Liquidating Trust argues that its attendance did not cure the
jurisdictional defect.

The Plaintiff argues that the mere fact that the Liquidating
Trust attended the hearing establishes that the Debtor and other
defendants were properly served. The Plaintiff notes that the
docket shows an entry on November 30, 2016, for a Summons and
Notice of pretrial hearing, which attaches his Certificate of
Service of the same. (Adv. D.I. 6.)

The Court finds that the Plaintiff did not properly serve the Complaint and Summons and Notice on the Debtor or the Liquidating Trust in accordance with Rule 4.  The Certificate of Service of the Summons and Notice does not show any service on the Debtor or the Liquidating Trust.  (Adv. D.I. 6.)  Nor does that reflect that any defendant in the adversary proceeding was served; in fact, none of the entities identified on the Certificate of Service are named as defendants in the Complaint. (Id.)

Further irregularities are evident.  First, although the Certificate of Service was docketed on November 30, 2016, the Summons and Notice reflects the date for the pretrial hearing held on October 12.  Second, the Certificate of Service reflects that one entity was served on June 9, 2016, although the Complaint was not filed until August 9, 2016.  That entity is not identified (and was served at a post office box).  See Fed. R. Bankr. P. 7004(b)(3) (service on a corporation requires mailing to the attention of an officer, a managing or general agent, or on any other agent authorized to receive service).  The other two entities (GMAC and Sams Club) reflected on the Certificate of Service were either served after the October 12 pretrial hearing or at an unidentified date.

Generally, pro se litigants are afforded some latitude in adversary proceedings.  However, there are limits to the leeway

that can be afforded to pro se parties.  See <u>Mala v. Crown Bay</u>
<u>Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013) (requiring pro se
litigants to "serve process on the correct defendants" and
preventing pro se litigants from "flout[ing] procedural rules"
that apply to all other litigants).

In this case, the limits have been exceeded.  More than 200
days have passed since the Complaint was filed, without it being
properly served on the Liquidating Trust or Debtor.  This is
despite the fact that the Court gave the Plaintiff explicit
instructions on whom to serve at the October pretrial hearing and
an extension of time to effectuate proper service.  (Adv. D.I. 8,
Ex. B.)  Therefore, the Court will grant the Liquidating Trust's
Motion to Dismiss for lack of service.  See <u>McNeil v. United</u>
<u>States</u>, 508 U.S. 106, 113 (1993) (stating that procedural rules
in ordinary civil litigation should not be interpreted so as to
excuse mistakes by those who proceed without counsel).

2.   <u>Failure to State a Claim</u>

Even if service had been effectuated in accordance with Rule
4, the Liquidating Trust contends that the Complaint should be
dismissed under Rule 12(b)(6) for failure to state a claim
against the Debtor or its successor, the Liquidating Trust.  The
Plaintiff merely disagrees and asserts that the defendants named
in the Complaint are shifting blame to each other to get the case
dismissed on a technicality.

Rule 7012 of the Federal Rules of Bankruptcy Procedure makes
Rule 12 of the Federal Rules of Civil Procedure applicable to
adversary proceedings.  Fed. R. Bankr. P. 7012; Fed. R. Civ. Pro.
12.  A defendant can seek to dismiss a complaint under Rule 12(b)
for "failure to state a claim upon which relief can be granted."
Fed. R. Civ. Pro. 12(b)(6).  Although a complaint need not
contain "detailed factual allegations," a complaint should
include a "short and plain" statement showing that the plaintiff
is entitled to relief.  Fed. R. Civ. P. 8.  See also  Ashcroft v.
Iqbal, 556 U.S. 662, 677-78 (2009).  A plaintiff satisfies this
requirement when the complaint is facially plausible.  Iqbal, 556
U.S. at 678.

The plausibility standard is met when the factual content
allows a court to draw reasonable inferences about the
defendant's liability for the alleged misconduct.  Id.  This
requires all factual allegations in the complaint and reasonable
inferences derived therefrom to be accepted as true and viewed in
the light most favorable to the plaintiff.  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007).  Legal conclusions and
formulaic recitations of elements of a cause of action may be
disregarded.  Id.  See also Iqbal, 556 U.S. at 679 ("While legal
conclusions can provide the framework of a complaint, they must
be supported by factual allegations.").  Ultimately, a Rule
12(b)(6) motion is a context-specific analysis that allows a

court to draw on its "judicial experience and common sense."
Iqbal, 556 U.S. at 679.

The Liquidating Trust asserts that the Complaint alleges
that the Plaintiff's dispute is with either WaMu Bank or
JPMorgan.  According to the Liquidating Trust, the Debtor has not
been the holding company for WaMu Bank since JPMorgan purchased
it in September 2008.  Even if the Debtor were still the parent
of WaMu Bank, the Liquidating Trust asserts that the Plaintiff
does not allege facts sufficient to establish that the corporate
veil should be pierced to hold the parent company (the Debtor)
liable for the conduct of its indirect subsidiary (WaMu Home
Loans).  The Plaintiff disagrees with the Liquidating Trust's
contentions and argues that its Complaint should not be dismissed
because he believes that the Debtor is the proper defendant.

Delaware's choice of law rules give deference to the state
of incorporation to determine the relationship between a
corporate entity and its stockholder.  Rosenmiller v. Bordes, 607
A.2d 465, 468-69 (Del. Ch. 1991).  The Debtor, WaMu Bank, and
WaMu Home Loans were incorporated in Washington state.  Thus,
Washington law on piercing the corporate veil applies.

The Court finds that the Complaint does not state a claim
for relief against the Debtor, or the Liquidating Trust, as
successor in interest to the Debtor.  Taking the facts in the
Complaint as true, the Plaintiff asserts that the note for its

10

mortgage was executed with WaMu Home Loans, a WaMu Bank subsidiary.  The Plaintiff has failed to set forth any facts in the Complaint to show that the corporate form of WaMu Home Loans or WaMu Bank should be ignored.  See, e.g., In re Wade Cook Fin. Corp., 375 B.R.580, 598-99 (B.A.P. 9th Cir. 2007) (Washington courts recognize parent corporation is a separate legal entity from its subsidiary corporation); Youkelsone v. Washington Mutual, Inc. (In re Washington Mutual, Inc.), 418 B.R. 107, 112 (Bankr. D. Del. 2009) (holding that WaMu Bank was a separate legal entity from its parent, Washington Mutual, Inc.).  Further, JPMorgan, not the Debtor, is currently, and was at the time of the alleged improper acts relating to the Plaintiff's eviction, the holding company of WaMu Bank and indirectly of WaMu Home Loans.  Therefore, the Court will dismiss the Complaint for failure to state a cause of action against the Debtor or the Liquidating Trust.

   3. <u>Transfer of Venue</u>

  The Liquidating Trust concurrently moves to transfer venue of the adversary proceeding to the District of New Jersey where the Plaintiff's bankruptcy case is pending.  The Plaintiff opposes the transfer, asserting that the Debtor's bankruptcy case in Delaware is the proper forum.

  The Liquidating Trust's request to transfer venue is moot because the Court is granting its Motion to Dismiss for improper

service and failure to state a claim.  See Victory Int'l v. Perry
Ellis Int'l, No. 07-0375 (WHW), 2008 WL 65177, at *9 (D.N.J. Jan.
2, 2008) (explaining that the transfer of venue issue is only
relevant as to the remaining defendants and not the defendant who
was dismissed for lack of personal jurisdiction).

     However, a court may sua sponte "transfer any civil action
to any other district or division where it might have been
brought or to any district or division to which all parties have
consented" when it is in the interest of justice and convenient
for the parties and witnesses.  28 U.S.C. § 1404(a) (West 2011).
See Robinson v. Town of Madison, 752 F. Supp. 842, 846 (N.D. Ill.
1990) ("A court's authority to transfer cases under § 1404(a)
does not depend upon the motion, stipulation or consent of the
parties to the litigation.").

     Here, the Court finds that justice, fairness, and
convenience of the parties all weigh in favor of transferring
venue of the Complaint for the remaining defendants to the
Bankruptcy Court in New Jersey where the Plaintiff's chapter 13
case is pending.  The Complaint will have no effect on the
administration of the Debtor's bankruptcy case in Delaware
because it has been dismissed as to the Debtor.  Any substantive
resolution of the Complaint as to the remaining defendants will,
however, have an effect on the Plaintiff's individual bankruptcy
case because the Plaintiff listed the mortgage at issue as a

secured claim in his chapter 13 case.  Additionally, the
Plaintiff is a New Jersey resident, the property is in New
Jersey, the note that is the subject of dispute was executed in
New Jersey, and the eviction proceedings of which the Plaintiff
complains occurred in New Jersey.  Therefore, the Court finds
that transferring venue is warranted based on justice, fairness,
and convenience of the parties.


IV.  CONCLUSION

    For the reasons set forth above, the Court will grant the
Defendant's Motion to Dismiss and will transfer venue sua sponte.

    An appropriate Order follows.

Dated: September 19, 2017      BY THE COURT:

                               Mary F. Walrath
                               Mary F. Walrath
                               United States Bankruptcy Judge